STATE OF NEBRASKA, APPELLEE, v. EDDIE ADDISON, APPELLANT.

246 N. W. 2d 213

Filed October 20, 1976. No. 40596.

Charles Plantz, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The defendant was found guilty by a jury on a charge of having, on December 27, 1974, uttered a forged instrument. He was sentenced to a term of 1 year in the Nebraska Penal and Correctional Complex with credit being given for 102 days jail time served while awaiting trial. On this appeal he asserts the insufficiency of the evidence to support the jury verdict. This contention rests on two grounds: (1) The evidence does not establish the defendant's identity as the utterer; and (2) the evidence does not show the defendant knew the instrument was forged.

The State's evidence shows the check in question was drawn on the Stockmen's National Bank, Rushville, Nebraska, in the amount of $40, and bore the name of Eddie Addison as payee and the name of Jack Smith as maker. The State's first witness, a bartender, testified that on December 27, 1974, the defendant, a man whom he knew and had known for a period of 2 or 3 years as Eddie Addison and whom he had seen 1 week before December 27 in the bar where the witness worked, presented the check to him in payment of a purchase. At that time the defendant stated the check had been given to him by Jack Smith as lease money. The check itself bore the notation for labor. The witness was acquainted with one Jack Smith. The witness further testified that in the witness' presence the defendant endorsed the check with the name of Eddie Addison. The witness then gave the defendant the merchandise which he had purchased and cash for the difference between the purchase price and the amount of the check.

The above testimony was clearly sufficient to make a jury question on the identity of the defendant as the utterer.

The State's evidence further showed the check was, on the day following December 27, 1974, included in the deposit of the bar made to the Stockmen's National Bank, Rushville. The assistant cashier of the bank, who

knew Jack Smith, testified the bank returned the check to the bar unpaid because the account of Jack Smith at the bank had earlier been closed and the signature was not that of Jack Smith. She testified she knew the signature of Jack Smith and had also compared the purported signature on the check with that of Jack Smith on an old signature card at the bank.

Jack Smith was called as a witness. He was a long-time resident of the area. He testified he had not made the check in question, had not authorized anyone to affix his signature thereto, and that the signature thereon was not his. He was personally acquainted with the defendant Eddie Addison as they had participated in bronc riding together and he had known him for a long time. He had not given Addison the check. This witness further stated he was the only Jack Smith who lived in that area. The assistant bank cashier testified that this witness was the only Jack Smith in the area and that the bank had no account for him or any other Jack Smith. The defense did not present the testimony of any person purported to be the maker of the check, nor any evidence that there was any other Jack Smith residing in the area. The above evidence is clearly sufficient to establish circumstantially that the defendant knew the check was a forgery.

The elements of the crime of uttering a forged instrument are: (1) The offering of a forged instrument with the representation by words or acts that it is true and genuine; (2) knowing the same to be false, forged, or counterfeited; and (3) with intent to defraud. An essential element of a crime may be proved solely by circumstantial evidence. State v. Fox, 192 Neb 424, 222 N. W. 2d 121.

The State's evidence in this case does not suffer from the deficiencies of proof which existed in State v. Addison, 191 Neb. 792, 217 N. W. 2d 468.

AFFIRMED.